# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD McCLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-cv-231-MJR |
| ) | |
| BRIAN THOMAS, DR. ZAJAC, ) | |
| G. HEISNER, SCOTT McADAMS, ) | |
| JASON OGLE, GEORGE LOWIS, ) | |
| and DON DEHNE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 17), defendants' Motion for Sanctions (Doc. 23), and Defendants' Oral Motion to Dismiss (Doc. 30).

Plaintiff Edward McClain was an inmate in the IDOC at the time he filed this action under 42 U.S.C. §1983. As construed on preliminary review (Doc. 7), he claims that his rights were violated by the use of excessive force by Defendants Ogle, Dehne, McAdams, Lowis and Heisner. Further, those Defendants, along with Defendants Thomas and Zajac were thereafter deliberately indifferent to his need for medical treatment. These events allegedly occurred at Chester Mental Health Center in January of 2006; McClain states that he was being treated there to restore him to fitness to stand trial. See, Doc. 1, p. 2.

Service was obtained on all Defendants, and all Defendants except for Zajac answered. On Plaintiff's motion for entry of default and for default judgment, default was entered as to Zajac on February 19, 2009. See Docs. 17 & 19. Plaintiff has not taken any action since then

1

to establish his damages or to procure the entry of judgment against Zajac.

The other Defendants, Don Dehne, Brian Thomas, G. Heisner, Scott McAdams, Jason Ogle and George Lowis embarked upon discovery, with little success. When Plaintiff failed to answer their discovery requests, they filed a Motion to Compel (Doc. 20). That motion was granted, and Plaintiff was ordered to respond to the discovery requests by May 29, 2009. That order stated:

> **Plaintiff is hereby notified that failure to comply with this Court's orders may subject him to sanctions, which may include monetary penalties and/or dismissal of this case**

Doc. 21 (emphasis in original).

May 29, 2009, came and went, and Plaintiff did not respond to the discovery requests as ordered. Defendants then filed their Motion for Sanctions at Doc. 23.

Magistrate Judge Proud set both the pending Motion for Default (Doc. 17) and the Motion for Sanctions (Doc. 23) for a status hearing on August 28, 2009. The notice of setting directed that Plaintiff was to appear in person and warned that failure to do so would result in sanctions, which could include dismissal of the case. See Docket Entry of August 18, 2009.

Plaintiff was incarcerated at Logan Correctional Center when he filed this lawsuit. In August 2007, he was transferred to the Westside Adult Transition Center at 121 North Campbell, Chicago, Illinois. See Doc. 6. The last document filed by Plaintiff, Doc. 17, was dated December 28, 2008. Plaintiff used the 121 North Campbell address on that document.

The notice setting the status conference was mailed to the 121 North Campbell address and has not been returned as undeliverable. The status conference was scheduled to begin at 9:30 a.m. on August 28, 2009. Defendants' attorney appeared, but Plaintiff did not.

In Plaintiff's absence, Judge Proud waited to call the case for hearing until

approximately 9:50 a.m. A record was made by the court reporter.[1] Judge Proud directed his court security officer to scour the courthouse. The officer was unable to find Plaintiff. He also consulted with the officers stationed at all doors of the courthouse, and they reported that no one bearing Plaintiff's identification had entered the building. (All persons entering the courthouse are required to show photo identification at the security checkpoints). Defendants' attorney then made an oral motion to dismiss for lack of prosecution (Doc. 30).

**Fed.R.Civ.P. 16(f)** provides that the Court may sanction a party for failing to appear at a pretrial conference. **Rule 16(f)** incorporates the sanctions provisions of **Fed.R.Civ.P. 37(d)**. Thus, it is clear that the Court has the authority to impose sanctions, including dismissal, for failure to appear.

This Court gave Plaintiff the "warning shot" required by ***Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)** both in its Order of May 15, 2009, and in its Order setting the status conference for August 28, 2009. Plaintiff failed to answer Defendants' discovery requests as ordered, and failed to appear for the conference as ordered. Further, Plaintiff did not contact the Court throughout the day of August 28, 2009, and has offered no explanation for his failure to appear. This failure to appear, coupled with Plaintiff's failure to keep the Court informed of his whereabouts and to answer Defendants' discovery requests as ordered, demonstrates that Plaintiff has lost interest in this litigation and has failed to diligently prosecute his case.

For the foregoing reasons, as a sanction for Plaintiff's failure to diligently prosecute this case and to follow this Court's Orders, the Court **GRANTS** Defendants' Motion for Sanctions

---

[1] The Court has ordered the preparation of a transcript and same will be made part of the court file.

(Doc. 23) and Oral Motion to Dismiss for Lack of Prosecution (Doc. 30).  In addition, the Court **DENIES** Plaintiff's Motion for Default Judgment (Doc. 17) and **VACATES** the Clerk's entry of default as to Defendant Zajac (Doc. 19).  The Court **DISMISSES** this case as to all Defendants with prejudice.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED this 31st day of August, 2009**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**